Per Curiam.

From the evidence adduced at petitioner’s hearing, the following facts appear:
Petitioner at the time of his arrest was 21 years of age with a ninth grade education. His intelligence test at the penitentiary produced a grade of 127, which rates him as having superior intelligence, and he had a background of juvenile delinquency, culminating in a term at the Boys Industrial School for stealing at Boys Town. Petitioner also had spent some two years in the United States Army, receiving an undesirable discharge as a result of a special court martial. He testified that he was an amateur boxer and had, just previous to the present trouble, won the A. A. U. 1959 middleweight championship. This fact is substantiated by Menke’s Encyclopedia of Sport. He stated that he had received an invitation to attend the Olympic trials. This, basically, is petitioner’s background. Other facts will be developed herein.
Petitioner’s primary contention is that he requested and was denied counsel from the time of his arrest until the time he pleaded guilty. He makes no allegation that he was not fully aware of his right to counsel. Petitioner testified that he requested counsel at the time of his arrest and when he was arraigned, and that counsel was refused. For this we have only petitioner’s word.
This case presents an issue entirely different from the one raised in Escobedo v. Illinois (June 22, 1964), 12 L. Ed. (2d), 977. The question raised and disposed of in Escobedo related to the right of an accused to consult with previously retained counsel during the course of his interrogation. There, it was held that the refusal to permit the accused to consult with his lawyer during his interrogation constituted a denial of the assistance of counsel and thereby rendered inadmissible any incriminating statement made during the course of the interrogation. The question in the instant case is whether the petitioner’s constitutional rights were violated by the failure to appoint counsed at the time of his arrest and prior to his preliminary hearing.
*32 Petitioner’s alleged request that counsel be appointed to represent him made at the time of his arrest in no way effectuated a violation of his constitutional rights. Although it is true that an accused has a right to consult counsel at such time, no duty or power is imposed upon law-enforcement officers to appoint counsel for an indigent. A request that counsel be appointed to be effective must be directed to the proper authority, the trial court, and, unless so directed, it cannot be used as the basis for a claimed violation of constitutional rights. Banks v. Maxwell, Warden, 175 Ohio St., 435.
Although petitioner urges that he requested and was denied counsel at the time of his arraignment, this fact is not substantiated by the record. A certified copy of the court’s journal introduced into evidence shows no such request. In contravention of petitioner’s urging that he was denied counsel, the state introduced the written waiver of counsel executed by petitioner on March 17, 1960, when he entered his plea of guilty. This waiver reads as follows:
“I, James McQueen, defendant, in the above entitled action, having been indicted for the offense of armed robbery having been arraigned thereon and having been fully advised in open court by the court of the offense with which I am charged, the penalty prescribed by law for said offense, and of my rights and defenses thereto, particularly of my right to be represented by counsel, do hereby waive my rights as guaranteed by the Constitution of the United States and the state of Ohio and my right of representation by counsel and enter a plea of guilty to armed robbery.
“Signed James McQueen
“ James McQueen.”
It is petitioner’s position that he signed this waiver, thinking that it related to his request for probation. That petitioner signed this waiver and entered his plea of guilty with the expectation that if he did so he would be placed on probation might well be. However, the personal motivation which causes an accused to waive his right to counsel and plead guilty is immaterial. The only question is whether the accused signed such waiver knowingly and intelligently without duress. That petitioner signed this waiver thinking it would aid his probation *33 i? believable; that he signed it not knowing what it was is inconceivable under the facts in the present case.
As shown above, petitioner, although possessing only a ninth grade education, is a person of superior intelligence and not unfamiliar with the processes of the law. He was not held incommunicado nor was he without friends. His boxing manager was with him at the time he pleaded guilty and in fact was one of the witnesses to his waiver of counsel. When asked why the judge refused probation, petitioner testified that he thought it was because “he had so many people pulling for him.” A period of more than a month and a half expired from the time of his arraignment until he pleaded guilty. He had adequate opportunity to consider what course he desired to pursue and to discuss it with his friends.
From his testimony it clearly appears that during this period petitioner’s efforts were directed primarily to being placed on probation. On cross-examination he so stated, and it was not until after his probation was refused and he was sentenced that he began worrying about his constitutional rights. When he learned that there would be no probation investigation until he was convicted or pleaded guilty, he then decided to plead guilty.
Petitioner knew the charge against him and knew of his right to counsel. He wanted to be free to go to the Olympic trials, and his contention that he did not know what he was signing is untenable. From the facts of this case it is obvious that petitioner knowingly and intelligently signed this waiver of counsel.
So far as petitioner’s argument that he requested and the trial court refused to appoint counsel for him is concerned, such testimony is beyond belief. It is inconceivable that a trial court with a crime of this nature before it would refuse to appoint counsel for the accused on his request. This goes far beyond the mere failure to inform an accused of his constitutional right, an act of omission, but accuses the court of a deliberate act of commission, the refusal to appoint counsel on request. In view of the time that elapsed between the arraignment and the plea, the petitioner’s status as a boxing champion with his many friends, and the severity of the crime charged, it surpasses *34 belief that the petitioner requested and was refused counsel.
Considering the facts in the present case, petitioner’s points ai'e not well taken.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.